**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MATTHEW J. CHANNON,

Plaintiff, 18-CV0596-SCY/KBM

v.

JEFF TAVANGAR, SHELLEY BACA,
JENNIFER IRELAND, ARMADA GROUP, INC.,
NATALIE GANN, and TP-LINK RESEARCH
AMERICA CORPORATION,

Defendants

**Armada Defendants' Motion to Dismiss**

Jeff Tavangar, Shelley Baca, Jennifer Ireland, and Armada Group, Inc. ("Armada Defendants") hereby submit their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) because none of the claims against Armada state a cause of action for which relief may be granted.

**BACKGROUND FACTS**

This case arises from a staffing agreement for high skilled technical consulting services. Armada Group, Inc. ("Armada") is an "On-Demand Talent Solutions Firm" based in California's San Francisco Bay Area. It connects companies in need of talented individuals in high-tech fields with the individuals that can meet those needs. In doing so, it acts as a staffing "middle-man" between Clients and Suppliers. It executes Client Agreements and Work Assignments with Clients in need of a Supplier's services, and then executes Supplier agreements with the individual suppliers. No contracts are executed directly between Clients and Suppliers. Armada is party to all contracts.

On June 9, 2015, Armada signed a Client Agreement and Work Assignment with TP-Link Research America under which Plaintiff Matthew Channon was to "Architect, design, and develop applications for the iPhone platform" for TP-Link Research America. Ex. A, *Client Agreement and Work Assignment*. A couple weeks later, on June 25, 2015, Armada signed a Supplier Agreement with Plaintiff Matthew Channon's company (Loitery LLC) under which Channon's company was to provide the work needed by TP-Link. Ex. B, *Supplier Agreement*. On that same date, Armada requested a background check on Plaintiff from HireRight, a firm providing background check services. Ex. C, *Background Check Report*. Plaintiff began working for TP-Link on June 29, 2018, while the federal portion of his background check was still pending.

On July 2, 2015, Armada received the federal portion of the background check back from HireRight, which stated that Plaintiff was facing ***pending felony charges for wire-fraud*** in the Federal District Court, District of New Mexico. *Id.* at p. 2. Armada provided this background information to TP-Link Research America as agreed between those parties. Ex. A at ¶ 7 ("Background checks to be provided by Armada at no cost to Client and a summary of the results will be shared with the Client, upon request."). On July 13, 2015 TP-Link Research America advised Armada that TP Link employee Kevin Wu "is not feeling comfortable having Matt work while he is out of the office and is on vacation" and of TP-Link's desire to terminate the contract. Ex. D. The termination was effective July 14, 2015. Because TP-Link had terminated its contract with Armada for Plaintiff's services, Armada terminated the Supplier agreement with Plaintiff.

Plaintiff subsequently pled guilty to five counts of wire fraud and was sentenced by this Court to one year and one day imprisonment. *United States of America v. Matthew Channon,*

Case 1:13-cr-00966-JCH-KK [Doc 377], attached as Ex. E. Plaintiff later filed this suit, alleging (under various theories) that the termination of his contract was unlawful.

## ARGUMENT

As explained in detail below, Plaintiff's suit fails to state any cause of action as a matter of law because contrary to Plaintiff's assertions, the California Labor Code does not prohibit an employer from inquiring into or acting on pending criminal charges for which an employee is subsequently convicted.

### I. Count I, *Violation of [California] Labor Code* fails to state a cause of action because while Plaintiff alleges that Armada Defendants improperly terminated him for no reason other than pending criminal charges fails, the California Labor Code does not prohibit an employer from inquiring into or acting on *pending* criminal charges that subsequently result in *conviction*.

Count I alleges "Violation of [The California] Labor Code." Plaintiff claims that the Armada Defendants "fired Plaintiff for having pending criminal charges, and violated California Labor Code 432.7(A) in doing so." Complaint, ¶ 45.

This claim fails as a matter of law because California Labor Code Section 432.7(A) does not in fact prohibit an employer from inquiring into an employee's pending criminal charges. Specifically, while California Labor Code 432.7(a) prohibits an employer from inquiring into an employee's ***past*** criminal charges that "did not result in conviction," the Code expressly permits employers to inquire into ***pending*** criminal charges as follows:

> **"Nothing in this section shall prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on his or her own recognizance pending trial."**

California Labor Code Section 432.7(a).

As Plaintiff alleges, these were "pending criminal charges." Complaint, ¶ 45. Armada was therefore expressly ***permitted*** to inquire into them under California Labor Code Section 432.7(a).

Moreover, Plaintiff cannot state a cause of action under *Piutau v. Fed. Express Corp.*, 114 F. App'x 781, 782 (9th Cir. 2004) (interpreting Labor Code Section 432.7(a) as providing a cause of action against employers who act on pending criminal charges that later result in acquittal) because Plaintiff was subsequently ***convicted*** of the charges at issue. *United States of America v. Matthew Channon*, Case 1:13-cr-00966-JCH-KK [Doc 377], attached as Ex. E.

In short, because Armada Defendants acted on Plaintiff's ***pending*** criminal charges for which Plaintiff was subsequently ***convicted***, Plaintiff cannot state a cause of action under either California Labor Code Section 432.7(a) or *Piutau v. Fed. Express Corp.*, 114 F. App'x 781, 782 (9th Cir. 2004) and this claim must be dismissed.

**II. Count III, *Interference with Contractual Relations*, fails as a matter of law because Plaintiff cannot show the existence of a valid contract with which Armada could have interfered, and because Armada cannot be held liable for alleged interference with a contract in which it had a financial interest.**

Under California law, the elements of a cause of action for intentional interference with contractual relations are as follows:

> "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."

*Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 997, 230 Cal. Rptr. 3d 98, 104 (Ct. App. 2018), *as modified on denial of reh'g* (Mar. 16, 2018), *review denied* (May 23, 2018)

Here, the first element (existence of a contract) cannot be satisfied because Plaintiff does not allege (and cannot show) the existence of a valid contract between him and TP-Link that Armada could have interfered with. Rather, there are two contracts here – one between Armada and TP-Link (Ex. A) and one between Armada and Plaintiff (Ex. B). Because there was no "valid contract between" Plaintiff and TP-Link, Armada cannot possibly have interfered with any such contract and the first element fails as a matter of law.

While Plaintiff attempts to imply the existence of a contract directly between him and TP-Link from his working directly for TP-Link, this theory fails as a matter of law under *PM Grp., Inc. v. Stewart*, which explains that:

> The tort of intentional interference with contractual relations is committed only by "strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 514, 28 Cal.Rptr.2d 475, 869 P.2d 454.) Consequently, a contracting party is incapable of interfering with the performance of his or her own contract and cannot be held liable in tort for conspiracy to interfere with his or her own contract. (*Ibid.; Weinbaum v. Goldfarb, Whitman & Cohen* (1996) 46 Cal.App.4th 1310, 1316–1317, 54 Cal.Rptr.2d 462.)

*PM Grp., Inc. v. Stewart*, 154 Cal. App. 4th 55, 65, 64 Cal. Rptr. 3d 227, 235 (2007),

Here, even assuming the existence of a contract between Plaintiff and TP-Link, Armada was still not a "stranger" or "interloper" to it. On the contrary, Armada was party to the only two written contracts in this transaction – both the Supplier contract between Plaintiff and Armada, and the Work Assignment between Armada and TP-Link. Exs A, B. Because Armada was a *party* to *both contracts*, it had an economic interest in Plaintiff's performance of his work duties for TP-Link, and was not a "stranger" or "interloper" to any alleged agreement between Plaintiff and TP-Link. On the contrary, it had a very clear "legitimate interest in the scope or course of the contract's performance," and stood to *lose* from its termination. Specifically, Armada billed Mr. Channon's time to TP-Link at $140 an hour (Ex. A at p.7) and paid Mr. Channon $105 an hour (Ex. F). Therefore Armada obtained $35 in gross profit for every hour Mr. Channon worked for TP-Link. It lost substantially when the contract was terminated.

Because Armada was a *party* to *every contract in this case*, and was obtaining $35 in gross profit from every hour of Mr. Channon's work for TP-Link, it had an economic interest in any implied employment agreement between Plaintiff and TP-Link. Consequently, Plaintiff's

theory that Armada interfered with some unwritten employment contract directly between Plaintiff and TP-Link fails as a matter of law and this claim must be dismissed.

### III. Count V, *Breach of Contract*, fails as a matter of law because a) Plaintiff lacks standing, b) the parties' contract did not require cause for termination, and c) the termination was not prohibited by the California Labor Code.

Plaintiff alleges that Armada's July 14, 2015 termination of its agreement with him constituted breach of contract. His two stated bases are a) that Armada did not have cause to terminate; and b) that Armada terminated the contract because Plaintiff had pending criminal charges. Complaint, ¶¶ 82, 84.

First, Plaintiff lacks standing to bring this action for breach of the contract because he was not a party to the contract. Ex. B. While Mr. Channon's company, Loitery LLC, was party to the contract, it is not party to this action. *See* Complaint. The claim for breach of contract must therefore be dismissed for lack of standing.

Second, even if Plaintiff had standing (which he does not), Armada's termination of the contract without cause did not constitute breach, because the contract did not require cause for termination. *See* Ex. B, *Supplier Agreement*, at ¶ 6. On the contrary, Plaintiff's contract with Armada expressly permitted termination without even *notice* when termination was requested by the Client (in this case TP-Link). *Id.* Because the contract could be terminated without cause, Armada's decision to do so was not breach of contract.

Last, even assuming Armada terminated the contract because of Plaintiff's pending criminal charges (as Plaintiff alleges), such a termination would not be a breach of contract because the California Labor Code does not prohibit an employer from inquiring into and acting on an employee's ***pending*** criminal charges for which he is subsequently ***convicted***. California Labor Code Section 432.7(a); *Piutau v. Fed. Express Corp.*, 114 F. App'x 781, 782 (9th Cir. 2004); *United States of America v. Matthew Channon*, Case 1:13-cr-00966-JCH-KK [Doc 377].

### IV. Count VI, *Unconscionable Business Practices***, fails as a matter of law because the allegedly unconscionable business practice is expressly permitted under the California Labor Code.**

Plaintiff alleges that Armada Defendants engaged in unconscionable business practices by using Plaintiff's pending criminal charges as the basis of employment decisions, based on Plaintiff's false belief that making a decision on that basis would violate California Labor Code 432.7(A). As explained above, the California Labor Code does not prohibit an employer from inquiring into and acting on an employee's ***pending*** criminal charges for which he is subsequently ***convicted***. California Labor Code Section 432.7(a); *Piutau v. Fed. Express Corp.*, 114 F. App'x 781, 782 (9th Cir. 2004). Plaintiff was subsequently convicted of these charges and sentenced to a year in prison. *United States of America v. Matthew Channon*, Case 1:13-cr-00966-JCH-KK [Doc 377], attached as Ex. F. Because Plaintiff's basis for claiming this business practice was unconscionable fails a matter of law, his claim for unconscionable business practices likewise fails and should be dismissed.

### V. Count VII, *Civil Conspiracy***, fails because Conspiracy is not a separate tort but only a doctrine of joint and several liability.**

In Count VII, Plaintiff alleges Conspiracy. However, "Conspiracy is not a separate tort, but a form of vicarious liability by which one defendant can be held liable for the acts of another." *IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 652, 231 Cal. Rptr. 3d 771, 792 (Ct. App. 2018), citing *De Vries v. Brumback* (1960) 53 Cal.2d. 643, 650, 2 Cal.Rptr. 764, 349 P.2d 532; *Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1581, 47 Cal.Rptr.2d 752.)

Because Civil Conspiracy is not a separate tort, it must be dismissed.

## CONCLUSION

All Plaintiff's claims fail as a matter of law. His case must be dismissed.

Respectfully Submitted,

//s// Andrew B. Indahl //s//
Andrew Indahl
Altura Law Firm
500 Marquette Ave NW Suite 1200
Albuquerque NM 87102

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of August, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**Matthew J Channon**
2604 Princeton Drive NE
Suite A
Albuquerque, NM 87107
(505) 369-6365
mchannon@hushmail.com
*(Plaintiff)*
PRO SE