# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. CHANNON,

    Plaintiff,

v.                                                                                   No. 18-CV-596-WJ-KK

JEFF TAVANGAR, SHELLEY BACA,
JENNIFER IRELAND, ARMADA GROUP, INC.,
NATALIE GANN, and TP-LINK RESEARCH
AMERICA CORPORATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT TPRA's MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT [Doc. 34], AND
## DENYING AS MOOT REQUEST FOR ENTRY OF DEFAULT JUDGMENT FOR SUM CERTAIN [Doc. 33]

**THIS MATTER** comes before the Court on Defendant TPRA's Motion to Set Aside Clerk's Entry of Default Judgment and Brief in Support Thereof, [Doc. 34, filed January 24, 2019], and Plaintiff's Request for Entry of Default Judgment for Sum Certain. [Doc. 33, filed January 24, 2019]. Upon reviewing the parties' briefs and applicable law, Defendant TPRA's Motion is **GRANTED**, and Plaintiff's Request is **DENIED AS MOOT**.

### BACKGROUND

On June 26, 2018, Plaintiff Matthew J. Channon filed his Complaint. [Doc. 1]. Plaintiff makes numerous claims against several defendants, including Defendant TP-Link Research America Corporation ("Defendant") in his Complaint. Plaintiff filed his Complaint *pro se* and was granted leave to proceed *in forma pauperis*. Plaintiff attempted to serve a waiver of service upon Defendant, but it was returned unexecuted because it was returned unsigned. [Doc. 8]. The Court thereafter ordered that personal service of the summons and complaint be imposed on

Defendant. [Doc. 11]. The Complaint was served on Sharada Chikkahanumantha, Defendant's technical recruiter, by the United States Marshals Service on September 18, 2018. [Doc. 31]. An answer to the Complaint from Defendant was due to the Court on October 9, 2018. [Id.]. On January 16, 2019, the Court was notified that the Complaint had been served and no answer had been filed. [Id.]. On January 22, 2019, the Clerk of the Court entered default on Defendant. [Doc. 32]. Two days after the Clerk of the Court entered default on Defendant, Plaintiff moved the Court to enter default judgment on Defendant. [Doc. 33]. That same day, Defendant moved the Court to set aside the Clerk of the Court's entry of default alleging that the Complaint was improperly served by Plaintiff through the United States Marshals Service. [Doc. 34].

## STANDARD

The Court may set aside an entry of default for good cause. *See* Fed.R.Civ.P. 55(c). The good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Federal Rule of Civil Procedure 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is liberal because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

When determining whether to vacate a clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed.Appx. 798, 801 (10th Cir. 2003). The decision to set aside an entry of default lies within the discretion of the Court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

# DISCUSSION

## I. Improper Service of Process

The Court emphasizes that "[h]e who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman [. . . .]" *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) (citations omitted); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant.'").

Defendant has demonstrated good cause to set aside the entry of default because it was improperly served. "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing the validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Plaintiff failed to respond to this Motion, and thus, he has not satisfied his burden. D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Nevertheless, the Court will analyze the issue before it.

Under the Federal Rules of Civil Procedure, service of process upon a business entity may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process and—if the agent is one authorized by statute to receive service and the statute so requires—by also mailing a copy of each to the defendant . . . ." Fed.R.Civ.P. 4(h)(1)(B). Rule 4(h)(1)(A) also provides that service may be done by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is

located. *See* Fed.R.Civ.P. 4(h)(1)(A) (citing Rule 4(e)(1)). New Mexico's procedural rules for effectuating service on a corporation are similar to the Federal Rules, providing that service may be made upon a business entity "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]" NMRA Rule 1-004(G)(1)(a). Additionally, under New Mexico law, if none of the above are available, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge.". Rule 1-004(G)(2).

Here, Ms. Chikkahanumantha was the technical recruiter for Defendant. She is not a managing or general agent and was not appointed to receive service of process for Defendant, and thus, could not be served process under these terms of the rules. Moreover, Ms. Chikkahanumantha is not a "person in charge" because she reported to the Head of People Operations, while the Head of People Operations reported to the Chief Executive Officer, meaning that Ms. Chikkahanumantha is a lower-level employee. *See Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1236 (8th Cir. 2013) (holding that service of process on a store's assistant manager did not comply with state statute requiring that service of process be served on "the person in charge" of a business entity because assistant manager reported to a shift manager who in turn reported to the store manager, who was the person in charge, but who was never served).[1] Therefore, the service of process was improper when the United States Marshals Service served process on Ms. Chikkahanumantha, because she is not a managing or general agent, she was not appointed to receive service of process for Defendant, and is not a person in charge.

---

[1] The Court notes that it could not find a New Mexico case that interpreted the term "person in charge". Therefore, the Court uses this case for its persuasive value.

## II. Defendant's Culpable Conduct

The Court agrees that this entry of default was not the result of Defendant's culpable conduct. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *United States v. Timbers Preserve, Routt County, Colo.,* 999 F.2d 452, 454 (10th Cir.1993).

Defendant was not properly served and did not receive notice of the lawsuit until the Clerk of the Court entered default against it. Also, Defendant filed this Motion within two days of the entry of default which indicates that Defendant's conduct was not willful. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009) (holding that defendant "evidenced its good faith by submitting motion to set aside the default . . . just six days after default was entered."). Therefore, the entry of default was not the result of Defendant's culpable conduct.

## III. No Prejudice to Plaintiff

Generally, "[p]rejudice in this context refers to acts done by the moving party or events that have occurred which have in some way impaired or thwarted the non-moving party's ability to litigate or defend the case." *Levindofke v. Flex Financial Holding Co.,* 2008 WL 1958344, *2 (D. Kan. 2008) (citation and internal quotation marks omitted). Delaying a plaintiff's collection of a judgement or requiring a plaintiff to litigate the merits of the claim is not sufficient to show prejudice. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). Rather, "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). The present matter is still in its early stages, and

Plaintiff did not demonstrate how it would be prejudiced as he failed to file a response to this Motion. Therefore, there is no prejudice to Plaintiff.

## IV. Meritorious Defense

"[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true. *Id.* (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). "Thus[,] the focus is on the sufficiency of the factual statement contained in the moving papers." *Id.* "Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense." *Id.* (citations omitted). "The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *Id.* (citation omitted).

Defendant has presented four defenses in its Motion and gave an elaboration of how these defenses will be meritorious. *Pinson*, 316 Fed.Appx. at 750 (holding that the defendant presented meritorious defenses when the defendant raised three defenses in its motion and the basis for the district court dismissing the case was one of those defenses). Based on a review of the Complaint, the Court finds that Defendant has meritorious defenses.

## V. Proper Service of Process

Defendant recommends that since it has appeared in this Court, Defendant is willing to file an answer to Plaintiff's Complaint, and thus, appear voluntarily before the Court and waive

service of process. The Court will order Defendant to file an answer to Plaintiff's Complaint within sixty (60) days of this Memorandum Opinion and Order being filed. *See* Fed.R.Civ.P. 4(d) (allowing a defendant sixty days to file an answer after waiving service of process); *see also Shelton v. Tiffin*, 47 U.S. 163, 186 (1848) (holding that any individual may waive process and appear voluntarily).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant TPRA's Motion to Set Aside Clerk's Entry of Default Judgment and Brief in Support Thereof, [Doc. 34], is **GRANTED**.

**IT IS FURTHER ORDERED** Defendant must file an answer within sixty (60) days after the filing of this Memorandum Opinion and Order.

**IT IS FINALLY ORDERED** that Plaintiff's Request for Entry of Default Judgment for Sum Certain is **DENIED AS MOOT**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE