IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. CHANNON,

    Plaintiff,

v.                                                               No. 18-CV-596-WJ-KK

JEFF TAVANGAR, SHELLEY BACA,
JENNIFER IRELAND, ARMADA GROUP, INC.,
NATALIE GANN, and TP-LINK RESEARCH
AMERICA CORPORATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT NATALIE GANN'S MOTION TO DISMISS (Doc. 41)

**THIS MATTER** comes before the Court on Defendant Natalie Gann's Motion to Dismiss, [Doc. 41, filed February 20, 2019]. Upon reviewing the parties' briefs and the applicable law, Defendant's Motion is **GRANTED**.

### BACKGROUND

The following are allegations from Plaintiff's complaint, unless noted otherwise.

On June 26, 2018, Plaintiff Matthew J. Channon filed his Complaint. [Doc. 1]. Plaintiff makes numerous claims against several defendants, including Defendant Natalie Gann ("Defendant") in his Complaint. Plaintiff filed his Complaint *pro se* and was granted leave to proceed *in forma pauperis*.

Armada Group, Inc. ("Armada"), which has already been dismissed from this case, is a staffing agency that locates individuals who provide technical services and provides these individuals to Armada's clients, which are often technology companies. Defendant TP-Link Research America Corporation ("TPRA"), which was initially improperly served and now has been ordered to file an answer to the current case, is a technology company that develops, among

1

other things, software for computer networking equipment. Defendant was formerly a human resources manager for TPRA.

On June 25, 2015, Armada signed an agreement with Plaintiff Matthew Channon's company, Loitery LLC, under which Plaintiff's company was to provide services for TPRA. On that same date, at Armada's request, Plaintiff agreed to undergo a background check. Plaintiff claims he began performing services for TPRA on or about June 25, 2015, while his background check was still pending.

After conducting the background check, Armada learned that Plaintiff was facing pending felony charges for wire-fraud in the United States District Court for the District of New Mexico.[1] Plaintiff received a number of calls from Defendant Shelly Baca on or about July 2, 2015, regarding the criminal charges. Plaintiff agreed to a conference call with Defendants Jeff Tavangar and Defendant Baca that same day. Plaintiff recorded the call.

During the call, Defendant Tavangar and Defendant Baca asked for additional details regarding Plaintiff's pending charges. Plaintiff stated he had not been convicted of anything and recited to them California Labor Code 432.7(a). Plaintiff explained that he did not disclose the pending charges prior to employment because he had only been asked if he had any convictions, and he stated he had no convictions.

Defendant Tavangar stated on the call that the charges were a surprise, and that he had no choice but to consult with TPRA. Defendant Tavangar stated that Armada was obligated under the contract to share the information with TPRA. Defendant Tavangar also stated that Plaintiff is not

---

[1] Defendant Gann has requested the Court to take judicial notice of Plaintiff's convictions pursuant to the Federal Rules of Evidence Rule 201. The Court will take judicial notice of Plaintiff's convictions on *United States v. Matthew Channon*, 13-CR-00966-JCH-KK. *See, e.g., Powell v. Rios*, 241 F. App'x 500, 501 (10th Cir. 2007) (taking judicial notice of other decisions by district court); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

an employee of Armada, and that Armada had contracted with Plaintiff's company, Loitery, LLC, not Plaintiff individually. Defendant Tavangar stated that he and Armada would consult with TPRA and tell Plaintiff how they would proceed.

Plaintiff returned to work on July 2, 2015 and continued to work on-site at TPRA. On July 14, 2015, Plaintiff was called into a meeting with Defendant Gann and Defendant Ireland. Plaintiff states that he was directed to leave the company laptop at his desk and was fired without explanation. Plaintiff was allowed to gather his personal belongings, directed to leave his keys and leave the work-site. Later that day, Plaintiff received an email from Defendant Ireland, with a carbon-copy to Defendant Baca, stating "in follow up to our meeting with TPRA HR, they have decided to terminate your engagement effective immediately. As such, your agreement with the Armada Group is terminated effective today." Plaintiff alleges that he was fired for having pending criminal charges.

This case is before the Court on diversity jurisdiction. Plaintiff asserts the following California state law claims against Defendant:

1. Count 1: Violation of Cal. Lab. Code. 432.7(a)
2. Count 7: Civil Conspiracy

**STANDARD**

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Conclusory allegations of liability, without

3

supporting factual content, are insufficient. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Because this is a diversity case based on California law, this Court must ascertain and apply California law. In doing so, the Court must either follow the decisions of the California Supreme Court or attempt to predict what the California Supreme Court would do. *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011); *Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 957 (10th Cir. 2013) (if no controlling state supreme court case, the district court must predict how such court would rule based on intermediate appellate decisions, decisions of other states, federal decisions, and general weight and trend of authority).

## DISCUSSION

### I. Claim for Violation of Cal. Lab. Code. 432.7(a)

The Court emphasizes that "[h]e who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman [. . . .]" *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) (citations omitted); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant.'").

Section 432.7(a) provides that an employer may not utilize (including in hiring or termination) any record of arrest or detention that did not result in a conviction. This section also provides: "Nothing in this section shall prevent an employer from asking an employee or applicant for employment about an arrest for which the employee or applicant is out on bail or on his or her own recognizance pending trial." Section 432.7(a). *Pitman v. City of Oakland* reasoned that an

4

individual only has a cause of action under this section if the arrest ends up as a non-conviction. 197 Cal. App. 3d 1037, 1044, 243 Cal. Rptr. 306, 309 (Ct. App. 1988).

*Pitman* and a line of cases following it hold that an individual does not have a cause of action when he or she was fired while charges were pending, and the individual was ultimately convicted. *Id.*; *Pierce v. Kiesewetter*, 2007 WL 4427445, at *6 (Cal. Ct. App. Dec. 19, 2007) (unpublished) (plaintiff unable to survive summary judgment where evidence shows arrest ultimately led to conviction, even though plaintiff was terminated before he was convicted); *Corona v. Target Corp.*, No. C-10-2611 RMW, 2010 WL 3221866, at *2 (N.D. Cal. Aug. 13, 2010) (plaintiff was terminated. court noted "if a conviction results, then plaintiff's claim will be dismissed."); *Payne v. Farmers Ins. Co.*, 2015 WL 7354436, at *4 (Cal. Ct. App. Nov. 20, 2015) (unpublished). This is based on the purpose of the statute, which is to protect individuals who were not convicted of a crime. *Piutau v. Fed. Express Corp.*, 114 F. App'x 781, 782 (9th Cir. 2004) ("The statute denies protection to employees who are convicted of a crime.").

The Court previously determined that Armada could not be held liable because Plaintiff admitted in his complaint that he was convicted after he was terminated. [Doc. 25]. Similarly, Defendant Gann cannot be held liable for the same alleged violation because Plaintiff was convicted after he was terminated. The Court also notes that Defendant Gann cannot be held personally liable for actions taken within the course and scope of her managerial position at TPRA. *See Becker v. Welton Becket & Assocs.*, 39 Cal. App. 3d 815, 822-23 (1974) (managerial employees cannot be held liable for acts taken within the course and scope of their employment); *see also Reynolds v. Bement*, 36 Cal. 4th 1075, 1087-1088 (2005) ("corporate agents acting with the scope of their agency are not personally liable for the corporate employer's" actions); and *Reno v. Baird*, 18 Cal. 4th 640, 646-647 (1998) (managers are shielded from liability when they act

within the course and scope of their employment). Defendant Gann, as stated in the Complaint, was acting within the course and scope of her employment. Therefore, this claim is dismissed.

II.     **Claim for Civil Conspiracy**

Civil conspiracy is not a standalone cause of action under either California or New Mexico law. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–511, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* at 511. A stand-alone conspiracy claim must be dismissed and "the civil conspiracy allegations must be separately pled as to each of the substantive causes of action." *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007), *citing Accuimage Diagnostics Corp. v. Terarecon, Inc.,* 260 F.Supp.2d 941, 947-48 (N.D. Cal. 2003).

Here, Plaintiff alleged a violation Section 432.7(a) and civil conspiracy. The Court found that the claim against Defendant for the alleged violation of Section 432.7(a) shall be dismissed, and thus, the only remaining claim against Defendant is civil conspiracy. Therefore, as the only remaining claim against Defendant, the stand-alone claim of civil conspiracy must also be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Natalie Gann's Motion to Dismiss, [Doc. 41], is **GRANTED** and Defendant Gann is hereby dismissed as a Defendant in this case.

**IT IS FINALLY ORDERED** that **Counts I** and **VII** are **DISMISSED WITH PREJUDICE** as to Defendant Gann pursuant to Fed. R. Civ. P. 12(b)(6).

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE